IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLANDO MANGSAT TIRSO AND KAMEHALYN SANTOS TIRSO,<br><br>Debtors.<br>_____<br><br>DANE S. FIELD, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civ. No. 22-00075 JMS-WRP<br>(Bk. Adv. Pro. No. 20-90021)<br><br>ORDER AFFIRMING ORDER OF BANKRUPTCY COURT |

**<u>ORDER AFFIRMING ORDER OF BANKRUPTCY COURT</u>**

**I.  <u>INTRODUCTION</u>**

Under 28 U.S.C. § 158(a), Plaintiff Dane S. Field, Chapter 7 Trustee ("Plaintiff" or "Trustee"), appeals U.S. Bankruptcy Judge Robert J. Faris' February 23, 2022 Order Granting Defendant Bank of America, N.A.'s ("Defendant" or "BANA") Motion for Summary Judgment, ECF No. 1-1 at PageID ## 5–20.[1]  The

---

[1] The February 23, 2022 Order is also available at *In re Tirso*, 2022 WL 567704 (Bankr. D. Haw. Feb. 23, 2022).

February 23, 2022 Order was entered in Adversary Proceeding 20-90021 in Bankruptcy Court No. 11-01873 (RJF), and Plaintiff elected under 28 U.S.C. § 158(c)(1) to have the appeal heard by this District Court rather than by the Bankruptcy Appellate Panel.  *See id.* at PageID # 3.  Based on the following, the February 23, 2022 Order is AFFIRMED.

## II.  STANDARD OF REVIEW

This court "reviews a bankruptcy court's grant of summary judgment de novo."  *In re Hawaii Island Air, Inc.*, 622 B.R. 85, 88 (D. Haw. 2020).  Sitting as an appellate court, the court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the [trial] court correctly applied the relevant substantive law."  *Id.* at 88–89 (internal quotation marks and citation omitted).  The court "may affirm the grant of summary judgment on any basis supported by the record."  *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008).

## III.  DISCUSSION

The parties and their counsel know the background and issues; the same and similar issues have been litigated in many wrongful-foreclosure cases arising out of the former *Degamo v. Bank of America, N.A.*, class action, Civ. No. 13-00141 JAO-KJM (D. Haw.), or other similar actions—cases in this district court, in the Ninth Circuit, in the bankruptcy court for this district, as well as in

Hawaii's trial and appellate courts.[2] The court thus proceeds directly to addressing the issues on appeal.

Plaintiff does not dispute that, immediately prior to the alleged wrongful non-judicial foreclosure, the debtors Rolando and Kamehalyn Tirso ("debtors") were in default of their mortgage loans. *See* ECF No. 16 at PageID # 945. He admits that the debtors "owed substantial debt [and] faced likely foreclosure in which, because of the depressed property market [in 2009], they would probably lose most or all savings invested[.]" *Id.* at PageID ## 945–46. That is, it appears to be undisputed that the amount owed by the debtors exceeded the value of the property at that time. Nor does Plaintiff dispute that BANA had a *right* to foreclose—rather, the allegations are that BANA failed to follow some of the strict procedures of Hawaii's now-superseded non-judicial foreclosure statutes, thereby committing a tort of wrongful foreclosure and violating Hawaii's unfair or deceptive acts or practices ("UDAP") statute. *Id.* at PageID # 946. And it's

---

[2] The court is specifically aware of orders in *Driscoll v. Bank of Am., N.A.*, Civil No. 2CC191000167 (Haw. Second Cir. Ct. Apr. 6, 2022) and *Camat v. Bank of Am., N.A.*, Civil No. 5CC1000071 (Haw. Fifth Cir. Ct. May 25, 2022), involving the same defendant (BANA), the same issues, and the same counsel. Plaintiff also maintains that "there are state court cases pending against BANA for over 200 mortgagors." ECF No. 16 at PageID # 957. And *Lima v. Deutsche Bank National Trust Co.*, 2021 WL 4722949 at *1–2 (D. Haw. Oct. 8, 2021), describes three former putative class actions with similar facts, as well as some of the recent state and federal case law discussing common wrongful-foreclosure issues. Further, the court is aware that substantially similar issues regarding wrongful-foreclosure damages are raised in pending Ninth Circuit appeals from this District in *Gibo v. U.S. Bank, N.A.*, No. 21-16686 (9th Cir.); *Kirby v. Deutsche Bank National Trust Co.*, No. 21-16700 (9th Cir.); *Lima v. Deutsche Bank National Trust Co.*, No. 21-16924 (9th Cir.) and *Bald v. Wells Fargo Bank, N.A.*, No. 21-16680 (9th Cir.).

established that the property was purchased in foreclosure by BANA (a successor or assignee of the first mortgagee) and was later sold by the Federal Home Loan Mortgage Company to a bona fide third-party purchaser.  ECF No. 18-1 at PageID ## 1384–88.  It is also undisputed that BANA did not seek a deficiency judgment against the debtors after foreclosure.  ECF No. 1-1 at PageID # 8; ECF No. 18-1 at PageID # 1388.

And so, in all material respects, the facts are essentially the same as analyzed in *Lima v. Deutsche Bank National Trust Co.*, 2021 WL 4722949 (D. Haw. Oct. 8, 2021) ("*Lima II*").  *See id.* at *1 (describing facts of three putative class actions); *see also Lima v. Deutsche Bank Nat'l Tr. Co.*, 149 Haw. 457, 460, 494 P.3d 1190, 1193 (2021) ("*Lima I*") ("Each case shares roughly the same facts.").  This court—as was Judge Faris in the February 23, 2022 Order—is therefore heavily guided by *Lima I* and its interpretation and application of Hawaii law.  And applying the most natural reading of *Lima I* (and the subsequent application in *Lima II*), the court concludes on de novo review that the February 23, 2022 Order should be affirmed.

The legal question here centers on Plaintiff's theory of compensatory damages.  Specifically, the question is whether Plaintiff failed to meet his burden at summary judgment to produce evidence of compensatory damages for wrongful foreclosure (or a statutory UDAP claim) under a proper legal theory under Hawaii

law. *See, e.g.*, *Lima I*, 149 Haw. at 464, 494 P.3d at 1197 ("Plaintiff Borrowers must be able to establish a prima facie case for *compensatory* damages, factoring in their pre-nonjudicial foreclosure positions, to survive Defendant Banks' motions for summary judgment." (emphasis added)).

Plaintiff's theory of damages for wrongful foreclosure (in situations like here where the property has subsequently been conveyed to a bona fide third-party) is premised on a reading of Hawaii case law—specifically, *Santiago v. Tanaka*, 137 Haw. 137, 366 P.3d 612 (2016); *Mount v. Apao*, 139 Haw. 167, 384 P.3d 1268 (2016); *Hungate v. Law Office of David Rosen*, 139 Haw. 394, 391 P.3d 1 (2017); *Delapinia v. Nationstar Mortg. LLC*, 150 Haw. 91, 497 P.3d 106 (2021); and *Lima I*—that, together, purportedly requires the court to apply an "out of pocket losses" analysis for wrongful foreclosure that includes the value of the mortgagee's original loan amount in the "price paid" (or total investment) portion of the measure discussed in *Santiago*. *See* ECF No. 16 at PageID ## 943–44; ECF No. 21 at PageID ## 1816–17.[3]  Plaintiff argues that such a measure "distinguishes

---

[3] The theory is difficult to summarize succinctly without reiterating *Santiago*'s language and *Lima I*'s subsequent discussion of *Santiago*. Roughly stated, *Santiago* "applied the out-of-pocket rule to calculate the Santiagos' damages [for wrongful foreclosure]." *Lima I*, 149 Haw. at 469, 494 P.3d at 1202 (citing *Santiago*, 137 Haw. at 158–89, 366 P.3d at 633–34). "Under the out-of-pocket rule, the damages are the difference between the actual value of the property received and the price paid for the property, along with any special damages naturally and proximately caused . . . , including expenses incurred in mitigating the damages." *Id.* (quoting *Santiago*, 137 Haw. at 159, 366 P.3d at 634 (quotation marks and citations omitted)).

(continued . . . )

a lawful foreclosure from an unlawful one when both look quite similar in effect, and [also] sufficiently deters unlawful foreclosure," in a situation where "the involuntary sale of the mortgagor's property ***could have*** been done lawfully, but was not."  ECF No. 16 at PageID # 946.

The Bankruptcy Court did not adopt Plaintiff's theory of wrongful-foreclosure damages.  Instead, Judge Faris applied *Lima I*'s more general statements about wrongful foreclosure law and its specific holdings that "Plaintiff Borrowers must be able to establish a prima facie case for compensatory damages, factoring in their pre-nonjudicial foreclosure positions, to survive Defendant Banks' motions for summary judgment," 149 Haw. at 464, 494 P.3d at 1197, and that "their requested damages [must] restore them to their pre-tort position . . . factor[ing] in their pre-nonjudicial foreclosure statuses."  *Id.* at 466, 494 P.3d at 1199.  That is, wrongful-foreclosure plaintiffs must "account[] for their remaining mortgage debts."  *Id.* at 467, 494 P.3d at 1200.  And because Plaintiff had no evidence of the value of the property at debtors' immediate pre-foreclosure position (i.e., the position before the allegedly wrongful tort occurred), Judge Faris concluded that Plaintiff failed to meet his burden to produce evidence of

---

Plaintiff refers to the top figure of this equation as the "property value minuend," and the bottom figure as "the debt value subtrahend."  ECF No. 16 at PageID # 947.  "Notably, when determining out-of-pocket losses, the party seeking damages 'is precluded from any recovery if the value of the property that he or she received in exchange equals or exceeds the value of the property parted with by him or her.'"  *Lima I*, 149 Haw. at 469, 494 P.3d at 1202 (quoting 37 Am. Jur. 2d Fraud and Deceit § 434 (2013)).

compensatory damages when accounting for the existing mortgage debts.  ECF No. 1-1 at PageID # 17; *In re Tirso*, 2022 WL 567704, at *4.

        In reviewing Judge Faris' order, this court is of course required to apply *all* of *Lima I*'s relevant statements of Hawaii law on wrongful foreclosure.  *Lima I* reiterated, several times, that a wrongful-foreclosure plaintiff "must make a case for compensatory damages."  149 Haw. at 465, 494 P.3d at 1198; *id*. at 464, 494 P.3d at 1197 ("Plaintiff Borrowers must be able to establish a prima facie case for compensatory damages, factoring in their pre-nonjudicial foreclosure positions[.]"); *id.* at 467, 494 P.3d at 1200 ("In these cases, the common element between Plaintiff Borrowers' wrongful foreclosure and UDAP claims is compensatory damages."); *id.* ("As detailed above, Plaintiff Borrowers must establish compensatory damages to satisfy the damages elements of their wrongful foreclosure and UDAP claims.").

        *Lima I* also made clear that "Plaintiff Borrowers cannot rely on nominal damages to withstand a motion for summary judgment."  *Id.* at 465, 494 P.3d at 1198.  It considered the argument that one of the purposes of a finding of wrongful foreclosure is deterrence, but it reasoned that "Plaintiff Borrowers must show that they are entitled to compensatory damages—the only other independent source of damages—before they may receive punitive damages."  *Id.* at 465–66, 494 P.3d at 1198–1199.  Moreover, *Lima I* specifically *rejected* a "restitution

theory that Defendant Banks should not be unjustly enriched," reasoning that "Plaintiff Borrowers' reliance on restitution theory is . . . inapposite when tort damages are generally intended to make plaintiffs whole." *Id.* at 468, 494 P.3d at 1201 (citation omitted).

Further, *Lima I* repeatedly instructed that "[i]n light of the purpose of compensatory damages, Plaintiff Borrowers must make a prima facie case that their requested damages will restore them to their pre-tort position to survive summary judgment." *Id.* at 466, 494 P.3d at 1199; *see also id.* at 467, 494 P.3d at 1200 ("[T]he general rule in measuring damages is to give a sum of money to the person wronged which as nearly as possible, will restore him [or her] to the position he [or she] would be in if the wrong had not been committed." (citation and internal quotation marks omitted)); *id.* at 467, 494 P.3d at 1200 ("Plaintiff Borrowers must show that the damages they seek will restore [them] to the position [they] would be in if the wrong had not been committed." (citation and internal quotation marks omitted)); *id.* ("Plaintiff Borrowers' failure to account for such sums makes it impossible for the trier of fact to determine what damages would restore Plaintiff Borrowers to their pre-foreclosure positions.").

And, over and over, *Lima I* held that wrongful-foreclosure plaintiffs must "factor[] in their pre-nonjudicial foreclosure positions," *id.* at 464, 494 P.3d at 1197, which means such plaintiffs must "account[] for their remaining mortgage

8

debts," *id.* at 467, 494 P.3d at 1200.  *See also id.* ("Plaintiff Borrowers' mortgage debts are a key factor in determining their damages because the debts constitute a portion of their pre-tort positions."); *id.* at 468, 494 P.3d at 1201 ("*Santiago* confirms that Plaintiff Borrowers must account for their mortgage debts when establishing their compensatory damages.").

Upon review of *Lima I* and related case law, the court agrees with the Judge Faris that:

> The damages that the trustee seeks would put the trustee in a much better position than the Tirsos occupied before the wrongful act.  The trustee contends that the damages must include virtually every penny the Tirsos paid to acquire, own, and maintain the property.  These amounts would restore the Tirsos, not to the position they occupied before the foreclosure, but to the position they occupied before they even bought the property.

ECF No. 1-1 at PageID # 13; *In re Tirso*, 2022 WL 567704, at *3.  And the court also agrees with the Bankruptcy Court's view, distinguishing *Santiago*:

> This case is different from *Santiago* in a crucial respect.  In this case, there is no genuine dispute that BANA was entitled to foreclose and the Tirsos were going to lose their property.  The trustee does not deny that they were not making the required payments, or that BANA had a valid and enforceable mortgage.  The position to which the Tirsos must be restored is the position they occupied just before the foreclosure; at that point, they were going to lose the property in a foreclosure sale.  The wrong that they allegedly suffered was not the occurrence of the foreclosure sale, but rather the manner in which that sale took place.

ECF No. 1-1 at PageID # 15; *In re Tirso*, 2022 WL 567704, at *3 (footnote omitted).

Plaintiff's position regarding an "out of pocket" test has some plausibility as Plaintiff attempts to harmonize the various results in Hawaii case law. Nevertheless, in affirming the February 23, 2022 Order, the court here applies the more natural and common sense reading of *Lima I* and of all of the wrongful foreclosure principles set forth in it—as did Judge Faris. This result is also consistent with Senior Judge Susan Oki Mollway's decision in *Lima II*, which granted summary judgment in favor of the foreclosing lenders based on essentially the same reading of *Lima I*. *See Lima II*, 2021 WL 4722949, at *5 ("Given [*Lima I*] the analysis with respect to Defendant Banks' motions for summary judgment . . . is straightforward. Plaintiffs have not put forth any evidence demonstrating that, when their outstanding debt is taken into account, they can prove compensatory damages."). As *Lima II* summarized,

> Plaintiffs have never denied that, prior to the nonjudicial foreclosures, their properties were encumbered by mortgages that they could not repay. Those debts were part of their financial circumstances before any injury, and it was their obligation to account for those debts in their case in chief. . . . The Hawaii Supreme Court has made clear [in *Lima I*] that the failure to meet that obligation is determinative of the summary judgment motions. Plaintiffs cannot raise a genuine issue of fact with respect to compensatory damages without showing that, when their debts are taken into account, they have suffered harm.

2021 WL 4722949, at *5 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, upon de novo review, the court AFFIRMS the Bankruptcy Court's February 23, 2022 Order Granting Defendant's Motion for Summary Judgment in Adversary Proceeding No. 20-90021 in Bankruptcy Case No. 11-01873 (RJF). The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*In re Tirso; Field v. Bank of America, N.A.*, Civ. No. 22-00075 JMS-WRP, Order Affirming Order of Bankruptcy Court